IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES BEAN AND JEANNE BEAN**                                      PLAINTIFFS

VERSUS                                      CAUSE NO. 1:18cv00393-HSO-JCG

**HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP,
LLC, FOREST CITY RESIDENTIAL
MANAGEMENT, LLC, HUNT MH
PROPERTY MANAGEMENT, LLC,
UNKNOWN JOHN AND JANE DOES A
THROUGH M, AND OTHER
UNKNOWN CORPORATE ENTITIES
N THROUGH Z**                                                      **DEFENDANTS**

### ORDER GOVERNING RULE 35 EXAMINATIONS
### BY MISSISSIPPI ASTHMA AND ALLERGY CLINIC, P.A.

1. Pursuant to the Case Management Order entered in this case [12], the Plaintiffs have consented, and are ordered, to participate in a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure ("Rule 35 Examinations").

2. Defendants have selected, and the Court hereby approves, Mississippi Asthma and Allergy Clinic, P.A., and particularly Dr. Winn Walcott, Dr. Chelle Wilhelm or others they designate, to conduct the physical examinations of the Plaintiffs, including the minor Plaintiffs, regarding their claims for personal injuries in this case resulting from exposure to mold. Defendants have provided to Plaintiffs' counsel the curriculum vitae of each examining physician and a list of cases in which the examining physicians have testified in the previous three (3) years.

3. The Rule 35 Examinations were coordinated in the nine (9) other cases alleging similar claims, and the protocol and procedures for those examinations will be the same as the protocol and procedure herein.

265062.1

4.      The Rule 35 Examinations shall be conducted at the D'Iberville/Gulf Coast Offices of Mississippi Asthma and Allergy, P.A., located at 3200 Mallett Road Suite D3. (228)393-6875.  The Rule 35 Examinations will be conducted by Dr. Walcott, Dr. Wilhelm, or, if they are not available, a physician in their practice group they designate. The Plaintiffs are responsible for all travel-related or other expenses involved in attending the Rule 35 Examinations.

5.      The Rule 35 Examinations of all Plaintiffs, including minor Plaintiffs, will be held on a date to be selected by Defendants based on the availability of the examining physicians and relative convenience for the Plaintiffs.  The time slots for examinations on each day will be made available on a first come first serve basis. All members of the Plaintiffs' family group who claim personal injuries in this case shall present themselves for Rule 35 Examination on the confirmed date and time.  If any Plaintiff or Plaintiff group has an unavoidable and emergency conflict with their confirmed date, that Plaintiff must, within one week after the date of the original examination date, seek an appointment with the Rule 35 Examination physician at the physicians' convenience, to be conducted at the Mississippi Asthma and Allergy, P.A. office in Jackson, Mississippi as soon as possible, and Plaintiff will be responsible for additional travel expense to such examination.  Any Plaintiff not presenting for a Rule 35 Examination on the confirmed date and time or the makeup date will not be permitted to claim personal injuries at trial.

6.      The Rule 35 Examinations will **not** consist of any invasive or reactive tests, including skin tests, patch tests or the like for any allergic reactions. However, it is essential that the physicians performing the test have any skin, patch or other test results during the Rule 35 Examination.  If any Plaintiff has had a skin, patch or other test for allergies in the

265062.1

past, the Plaintiff must bring the results from that test with them to the Rule 35 Examination or confirm through counsel that Defendants have copies of those test results. Any skin, patch, or other test for allergic reactions not presented at the Rule 35 Examination or completed after the Rule 35 Examinations, or evidence relating to such test may not be admissible. If the examining physician intends to take x-rays or other non-invasive tests during the Rule 35 Examinations, Plaintiffs' counsel shall be provided advance notice of those tests, if any.

7. The physicians performing the Rule 35 Examinations will provide a report which sets out in detail the examiner's findings, including diagnoses and conclusions. The report will be provided to both counsel for Plaintiffs and counsel for Defendants, and is due within thirty (30) days from the date of the Rule 35 Examination. In the report or elsewhere, the examining physician man not refer to the examination as an "Independent Medical Examination." The examiner may be deposed or called as a witness at trial by either party, and the party requesting the deposition or testimony shall be responsible for the physicians' fees for that deposition or trial appearance.

8. By participating in the Rule 35 Examination process, Plaintiffs waive any claim to any medical or other privilege they may have regarding the Rule 35 Examination, and all examinations of the same condition.

9. The foregoing Order does not prevent or prohibit Defendants from requesting or obtaining additional physical examinations under Rule 35 for any specific medical complaints which are not within the areas of expertise of Mississippi Asthma & Allergy, P.A. and its physicians.

**SO ORDERED** this the 18th day of April 2019.

                    *s/ John C. Gargiulo*
                    JOHN C. GARGIULO
                    UNITED STATES MAGISTRATE JUDGE

Prepared by:

Walter Boone, MSB#8651
Jennifer J. Skipper, MSB#100808
**BALCH & BINGHAM LLP**
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email:  wboone@balch.com
        jskipper@balch.com